IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| PATRICIA D. THOMAS<br><br>and<br><br>PATRICIA D. THOMAS, P.L.C.<br><br>                    Plaintiffs<br><br>v.<br><br>ATTORNEYS LIABILITY<br>PROTECTION SOCIETY, INC.,<br>A RISK RETENTION GROUP<br><br><br>                 Defendant | Civil Action No. 1:10-cv-01091-LMB-JFA |

### ANSWER AND COUNTERCLAIM OF ATTORNEYS LIABILITY PROTECTION SOCIETY, INC., A RISK RETENTION GROUP

Attorneys Liability Protection Society, Inc., a Risk Retention Group ("ALPS") responds to the Complaint for Declaratory Relief and Damages and Demand for Trial by Jury as follows:

### Preliminary Statement

No response is required to the allegations in the Preliminary Statement, which merely purport to describe the nature of this action. To the extent a response is deemed required, ALPS denies the allegations.

### I.  PARTIES

1.    ALPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2.      ALPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3.      ALPS admits the allegations in the first two sentences of paragraph 3, but denies the allegations in the third sentence of paragraph 3.  Further answering, ALPS states that it does not contest service in this matter.

## II.  JURISDICTION

4.      No response is required to the allegations in paragraph 4, which merely purport to state a legal conclusion.

5.      No response is required to the allegations in paragraph 5, which merely purport to state a legal conclusion.

## III.  FACTS COMMON TO ALL COUNTS

6.      ALPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7.      ALPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8.      ALPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.      ALPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.      ALPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11.      ALPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12.     ALPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13.     ALPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14.     ALPS admits that in February 2003 Thomas applied for insurance with ALPS.  ALPS denies the remainder of the allegations in paragraph 14.

15.     ALPS denies the allegations in paragraph 15.

16.     ALPS denies the allegations in the first sentence of paragraph 16.  ALPS admits the allegations in the second sentence of paragraph 16 accurately reflect a portion of the information set forth in a Supplemental Claims Information form she submitted with her 2003 application and that she had previously with a previous application to ALPS in 2001, but denies that the allegations in paragraph 16 accurately or fully describe the contents of the 2003 Supplemental Claims Information form.

17.     ALPS admits the allegations in paragraph 17.

18.     ALPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19.     ALPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20.     ALPS admits that Thomas gave notice to ALPS of the lawsuit on December 22, 2003.  ALPS denies the remainder of the allegations in paragraph 20.

21.     ALPS denies that the allegations in paragraph 21 accurately or fully describe the contents of the January 8, 2004 letter and states that the letter speaks for itself.

22.     ALPS denies that the allegations in paragraph 22 accurately or fully describe the contents of the February 9, 2004 letter and states that the letter speaks for itself.

23.     ALPS denies that the allegations in paragraph 23 accurately or fully describe the contents of the February 9, 2004 letter and states that the letter speaks for itself.

24.     ALPS denies that the allegations in paragraph 24 accurately or fully describe the contents of the June 10, 2009 letter and states that the letter speaks for itself.

25.     ALPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 25.  ALPS denies the allegations in the second sentence of paragraph 25.

26.     ALPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, but ALPS denies that the law firm representing Thomas in Thomas's dispute with Lerner was also serving as counsel for ALPS in its coverage dispute with Thomas.

27.     ALPS denies the allegations set forth in the first sentence of paragraph 27. ALPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third and fourth sentences of paragraph 27.

28.     ALPS admits the allegations in paragraph 28.

29.     ALPS admits that paragraph 29 accurately reflects certain portions of the policy, but denies that the limited provisions quoted are "the applicable portions."

## COUNT I

30.     ALPS restates and incorporates by reference each of the responses set forth in response to the allegations in paragraphs 1 through 29 as if fully set forth herein.

31.     ALPS denies the allegations in paragraph 31.

32.     ALPS denies the allegations in paragraph 32.

33.     ALPS admits the allegations in paragraph 33.

34.     No response is required to the allegations in paragraph 34, which merely purport to state a legal conclusion.

35.     ALPS denies the allegations in paragraph 35.

## COUNT II

36.     ALPS restates and incorporates by reference each of the responses set forth in response to the allegations in paragraphs 1 through 35 as if fully set forth herein.

37.     ALPS denies the allegations in paragraph 37.

38.     ALPS denies the allegations in paragraph 38.

39.     ALPS denies the allegations in paragraph 39.

## COUNT III

40.     ALPS restates and incorporates by reference each of the responses set forth in response to the allegations in paragraphs 1 through 39 as if set forth herein.

41.     No response is required to the allegations in paragraph 41, which merely purport to state a legal conclusion.

42.     No response is required to the allegations in paragraph 42, which merely purport to state a legal conclusion.

43.     ALPS denies the allegations in paragraph 43.

44.     ALPS denies the allegations in paragraph 44.

45.     ALPS denies the allegations in paragraph 45.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

ALPS reserves the right to assert any additional defenses that may become relevant or apparent through the course of discovery or otherwise during the course of this proceeding.

## COUNTERCLAIM FOR DECLARATORY RELIEF

1.      The counterclaim plaintiff is defendant Attorneys Liability Protection Society, Inc., a Risk Retention Group ("ALPS").

2.      The counterclaim defendants are Patricia D. Thomas and Patricia D. Thomas, P.L.C. (collectively, "Thomas").

3.      This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C., § 1367.

4.      Upon information and belief, at some point prior to September 9, 1999, Thomas received notice from the attorney for Sandra Lerner ("Lerner"), a former client of Thomas, of an assertion by Lerner that certain acts or omissions on the part of Thomas in connection with Thomas's representation of Lerner in Lerner's purchase of a farm in Virginia in August 1996 gave rise to a claim that Lerner had against Thomas.  Lerner's counsel requested that Thomas execute an agreement tolling the statute of limitations on a malpractice claim.

5.      Prior to September 9, 1999, Thomas notified her then-current professional liability insurer, American National Lawyers Insurance Reciprocal ("ANLIR") about the claim asserted on behalf of Lerner.

6.      In response to Thomas notifying ANLIR of the claim that had been asserted by Lerner against Thomas, ANLIR opened up a file to handle the matter and began providing coverage to Thomas for Lerner's claim.

7.      A tolling agreement was in fact entered into between Thomas (and her insurer, ANLIR) and Lerner, which was subsequently extended until October 1, 2010. Thereafter, Lerner declined to further toll the statute notwithstanding the fact that

Lerner's counsel indicated a malpractice suit would be filed unless such agreement was extended.

8.      In or about May 2001, while she was still insured with ANLIR, Thomas submitted an application for insurance to ALPS.  In submitting the application, Thomas represented that a professional liability claim had been made against her during the prior five years.  On the Supplemental Claims Information form that Thomas submitted with her application and that was intended to provide additional information regarding the claim, Thomas identified the claim at issue as the one that had been asserted in 1999 by Sandra Lerner, and Thomas represented that she had notified ANLIR of the claim in writing and that ANLIR was handling the claim.  At that time, Thomas did not obtain insurance through ALPS.

9.      In February 2003, Thomas again submitted an application for professional liability insurance to ALPS.  In submitting the application, Thomas again represented to ALPS that "in nearly twenty years of practice I have only had one claim which I considered to be a nuisance or spite matter.  I handled this through my ANLIR representative and it resulted in no claim paid by the insurer.  I paid my defense costs of $2,200.00."  The "claim" referenced in Thomas's February 2003 cover letter to her application was the claim asserted against Thomas by Lerner.

10.     In her February 2003 application, Thomas also represented that she had knowledge of an incident or occurrence which might give rise to a claim being made against her.  She identified this incident on a Supplemental Claims Information form as the claim that was asserted against her by Lerner.  Thomas represented that she had

notified ANLIR in writing of the incident and that ANLIR was providing coverage for the incident.

11.     With her February 2003 application, Thomas also submitted an Inidividual Attorney Supplement form in which she represented that she had had a single claim made against her in the five years prior to the application being submitted.  The "claim" was the claim that was asserted against her by Lerner.

12.     ALPS's application included a NOTICE TO THE APPLICANT, which was signed by Thomas.  The notice included the following provision:

> **CLAIMS MADE POLICY:** THE UNDERSIGNED UNDERSTANDS AND ACCEPTS THAT THE POLICY APPLIED FOR PROVIDES COVERAGE ON A "CLAIMS-MADE" BASIS FOR ONLY THOSE CLAIMS WHICH ARE MADE AGAINST THE INSURED AND REPORTED TO THE COMPANY WHILE THE POLICY IS IN FORCE… "

13.     In reliance on the application, ALPS issued a policy of professional liability insurance to Thomas, Policy No. ALPS8298, with an effective date of February 22, 2003 (the "Policy").

14.     On the first page of the Policy, the Policy expressly provides that ALPS agrees to the Policy "in reliance on the application" submitted by the Insured, in this case Thomas.

15.     In addition, Section 3.15.1 of the Policy specifically provides:

> By acceptance of this policy, the Insured agrees that the statements in the Declarations and in the Insured's application for this policy are true and correct, that the Declarations and the Insured's application form a part of this policy, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between the Insured and the Company relating to this insurance.

16.     The Declarations page for the Policy provides:

9

> NOTICE:  This is a Claims Made policy.  Except to such extent as may otherwise be provided herein, the coverage of this policy is limited generally to liability for only those claims that are first made against the Insured and reported to the company while this policy is in force.  Please review the policy carefully and discuss the coverage there under with your insurance advisor.

17.     On the first page of the introductory pages of the Policy, the Policy provides:

> "THIS IS A CLAIMS MADE FORM.  EXCEPT TO SUCH EXTENT AS MAY OTHERWISE BE PROVIDED HEREIN, THE COVERAGE OF THIS POLICY IS LIMITED TO LIABILITY FOR ONLY THOSE CLAIMS ARISING AFTER THE LOSS INCLUSION DATE (AS SET FORTH ON THE DECLARATION PAGE OF THIS POLICY) THAT ARE FIRST MADE AGAINST AN INSURED AND REPORTED TO THE COMPANY WHILE THE POLICY IS IN FORCE."

18.     Section 1.1.1 of the Policy similarly provides that the Policy provides coverage only for amounts which "the Insured shall become legally obligated to pay as damages resulting from CLAIMS MADE AGAINST THE INSURED AND REPORTED TO THE COMPANY DURING THE POLICY PERIOD."

19.     The coverage available under the Policy was limited by certain exclusions. In particular, Section 2.1.10 of the policy provides that the policy does not apply:

> to any claim based on or arising out of any act, error or omission occurring prior to the effective date of this policy if the Insured at the effective date knew that such act, error or omission might be the basis of a claim or suit; to any claim where there is a prior policy prior policy which provides insurance for such liability or claim resulting from such act, error or omission whether or not the available limits of liability of such prior policy are sufficient to pay any liability or claim.

20.     In December 2003, Thomas notified ALPS that she had been served with a complaint (the "Lerner Lawsuit") in an action asserting that Lerner had been damaged as

the result of Thomas's representation of Lerner in connection with Lerner's 1996 real estate purchase.

21.    The claims asserted in the Lerner Lawsuit were identical to those first asserted against Thomas in 1999 and reported to ANLIR and were not first made within the ALPS policy period..

22.    The claims asserted against Thomas were based on or arising out of an act, error or omission occurring prior to the effective date of the ALPS policy, and according to the application as incorporated into the Policy, as of the effective date of the policy Lerner knew that the act, error or omission might be the basis of a claim or a suit.

23.    Furthermore, the ANLIR policy in effect in 1999 provided insurance to Thomas for the claim asserted by Lerner.

24.    Therefore, the Policy does not provide coverage for the claims that were asserted against Thomas in the Lerner Lawsuit.

WHEREFORE, ALPS respectfully requests that this Court:

A.    Enter judgment declaring that the Policy provides no coverage for the claims asserted in the Lerner Lawsuit, and that ALPS was not required to defend or indemnify Thomas, or Patricia D. Thomas, P.L.C., against those claims;

B.    Enter judgment for ALPS, dismissing plaintiff's claims for breach of contract and breach of duty of good faith and fair dealing; and

C.    Order such other relief as this Court deems just and proper.

ATTORNEYS LIABILTIY PROTECTION SOCIETY,
INC., A RISK RETENTION GROUP,
By its Attorney,

_____/"s"/_____
John E. McIntosh, Jr.,
VSB No. 20658
Co-Counsel for Attorneys Liability Protection Society, Inc.
The Law Offices of John E. McIntosh, Jr.
4118 Leonard Drive, Fairfax, VA 22030
(703) 352-7745
(703) 352-7747 (Fax)
Jemcintosh@earthlink.net

Regina R. Roman
Andrew R. Levin
Co-Counsel for Attorneys Liability Protection Society, Inc.
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, Boston, MA 02114
(617) 227-3030
(617) 523-4001 (Fax)
roman@srbc.com
levin@srbc.com

DATED:  November 8, 2010

CERTIFICATEOF SERVICE

I hereby certify that on the 8th day of November, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) to the following:

Geoffrey S. Gavett, Esquire
Gavett and Datt, P.C.
15850 Crabbs Branch Way
Suite 180
Rockville, MD 20855-2622
301-946-1177
ggavett@gavettdatt.com


_____ /"s"/
John E. McIntosh, Jr.
Co-Counsel for Attorneys Liability Protection Society, Inc.
The Law Offices of John E. McIntosh, Jr.
4118 Leonard Drive, Fairfax, VA 22030
(703) 352-7745
(703) 352-7747 (Fax)
Jemcintosh@earthlink.net

Doc. 428729